**Edward Glen WILLIAMS, Appellant,**

v.

**Louis S. NELSON, Warden, Appellee.**

**No. 71–2406.**

United States Court of Appeals,
Ninth Circuit.

March 22, 1972.

Edward Glen Williams, in pro. per.

Evelle J. Younger, Cal. Atty. Gen., Richard W. Bakke, Deputy Atty. Gen., Los Angeles, Cal., for appellee.

Before MADDEN, Judge of the Court of Claims,* and MERRILL and KOELSCH, Circuit Judges.

PER CURIAM.

Edward Glen Williams was convicted on June 6, 1966, of violating California Penal Code Section 187 (first degree murder). The conviction was affirmed by the California Court of Appeal. The California Supreme Court vacated the judgment in light of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1967). The Court of Appeal, on rehearing the matter, determined that any violation of *Bruton* and Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968) was harmless error within Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), and affirmed the conviction. The California Supreme Court denied further hearing.

Williams then applied to the United States District Court for a writ of habeas corpus; such relief was denied following a hearing. Petitioner has appealed.

■■■■■ Petitioner attacks the use of a tape recording at his state trial. The recording was of a conversation between petitioner and Young, his co-defendant. It was secured without the knowledge of either, by means of a microphone concealed in an interrogation room of the police station where the two were placed alone shortly after Young confessed to the police.

Petitioner urges that the admissions recorded on the tape were coerced in that the police put him and Young into the apparently private room, in the hope that the two would discuss the crime and make some incriminating admissions. Trickery does not constitute coercion.

■■ Petitioner next urges that his admissions were secured after he requested and was refused counsel. But the district court found that petitioner made no request for counsel prior to making the admissions. Thus the rule in Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) is inapplicable.

This same finding is likewise fatal to petitioner's related contention that, by using Young, the police improperly secured admissions from petitioner in the absence of his counsel. Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964) is inapplicable.

■■■■ Petitioner next urges that the tape recording was the fruit of an illegal search and seizure. However, at the time petitioner was tried, the protection of the Fourth Amendment extended simply to places, not to persons. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).[1] Not every place where a person might be was a protected area. Here, as already appears, petitioner and his codefendant were in a room at the police station. The Supreme Court, speaking of the privacy which one is afforded in such a place, has said:

"it is obvious that a jail shares none of the attributes of privacy of a home, an automobile, an office, or a hotel room. In prison, official surveillance has traditionally been the order of the day." Lanza v. New York, 370 U.S. 139, 143, 82 S.Ct. 1218, 1221, 8 L.Ed.2d 384 (1962).

The evidence was not tainted.

■■■■ Petitioner also urges that he was denied his right of cross-examination in that the written confession of his co-defendant (who did not take the stand) was introduced into evidence. However, the trial court deleted all refer-

* Judge Madden died on February 17, 1972, before this opinion was prepared.

1. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967) is not retroactive. Desist v. United States, 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969).

ence to petitioner by name. Nothing else in the confession served to identify him as the co-defendant's associate. The requirements of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1967), were met. Moreover, both the California Court of Appeal and the district court found that even if *Bruton* was not satisfied, introduction of the confession was harmless error. Harrington v. California, 395 U. S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Chapman v. California, 386 U. S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). We have reviewed the evidence and agree.

Petitioner's final point, that he was denied effective assistance of counsel at the habeas hearing, is not borne out by the record.

Affirmed.