UNITED STATES of America,
Plaintiff,

v.

Patricia Campbell HEARST, Defendant.

Cr. No. 74–364–OJC.

United States District Court,
N. D. California.

Feb. 23, 1976.

James L. Browning, Jr., U. S. Atty., F. Steele Langford, David P. Bancroft, Edward P. Davis, Jr., Asst. U. S. Attys., San Francisco, Cal., for the United States.

F. Lee Bailey, J. Albert Johnson, Boston, Mass., Thomas J. May, Brookline, Mass., for defense.

## ORDER DENYING MOTION TO SUPPRESS JAIL TAPE

OLIVER J. CARTER, Chief Judge.

On January 23, 1976 the defendant filed a motion to suppress certain evidence in the form of tapes made by means of electronic surveillance of the defendant's conversations with her family and friends within the San Mateo County Jail, contending that admission of such tapes would violate defendant's rights under the Fourth, Ninth and Fourteenth Amendments to the Constitution. The Court's Memorandum of January 27, 1976 announced an intention to reserve ruling on the admissibility of that evidence until such time as it might be further identified or offered for admission.

Defense counsel called two witnesses outside the presence of the jury on February 20, 1976 to testify as to the practice and purpose of such jail recordings. Sheriff John R. McDonald, Jr. of the San Mateo County Jail and Lieutenant Roger L. Goed, the jail commander, testified that it is common practice to record conversations between inmates and their visitors, primarily for purposes of jail security.

Following this testimony the Government made an offer of proof with respect to a tape recording of the defendant's conversation with her friend Trish Tobin on September 20, 1975. The Government announced its intention to question the defendant as to certain portions of that conversation. Barring that, the Government would offer the tape itself as part of the rebuttal case. The relevant portions of the tape, in the Government's view, bear on defendant's state of mind at the time of her arrest and shortly thereafter. Defense counsel

reiterated the Constitutional objections and referred the Court to an FBI report which notes that because of certain interruptions of signal on the tape, it is not possible to establish continuity of the conversation between the defendant and Ms. Tobin. After noting that the Government would be permitted to present an expert witness on the technical quality of the tape if it desired to do so, the matter was taken under submission.

 Having heard the Government's offer of proof with respect to the Tobin tape and having reviewed the legal authorities presented, the Court is now prepared to deny the motion to suppress. The Court first rejects the notion that the recording constitutes an illegal search and seizure or unconstitutionally invades the defendant's privacy. In *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967) the Supreme Court noted that while the Fourth Amendment protects people rather than places, reference to the "place" of surveillance must be had in determining whether an unconstitutional search and seizure has occurred. The Court earlier stated in *Lanza v. New York,* 370 U.S. 139, 143, 82 S.Ct. 1218, 1221, 8 L.Ed.2d 384, 388 (1962):

> [I]t is obvious that a jail shares none of the attributes of privacy of a home, an automobile, an office, or a hotel room. In prison, official surveillance had traditionally been the order of the day.

The United States Court of Appeals for the Ninth Circuit has frequently relied on *Lanza* in upholding surveillance of jail inmates. See *United States v. Hitchcock,* 467 F.2d 1107 (9th Cir. 1972); *Williams v. Nelson,* 457 F.2d 376 (9th Cir. 1972). Most recently, in *United States v. Dawson,* 516 F.2d 796, 805 (9th Cir. 1975) the Ninth Circuit stated that a prisoner in jail does not enjoy the same rights of privacy as do ordinary citizens in their homes and offices. The California courts are in accord with *Lanza* and its progeny. See *North v. Superior Court,* 8 Cal.3d 301, 312, 104 Cal.Rptr.

833, 502 P.2d 1305 (1972) and *People v. Califano,* 5 Cal.App.3d 476, 482, 85 Cal. Rptr. 292 (1970).

 Finally, the fact that some portions of the Tobin tape may not have been picked up by the recording equipment does not in itself render the audible portions of the tape inadmissible. The trial judge has the discretion to admit such tapes, and the general rule in this Circuit is that such tapes are admissible unless the unintelligible portions are so substantial that the recording as a whole is untrustworthy. See *United States v. Lane,* 514 F.2d 22, 27 (9th Cir. 1975); *Cape v. United States,* 283 F.2d 430, 435 (9th Cir. 1960). Here the Government seeks to question the defendant about the tape rather than to admit the tape in its entirety. Defense counsel has an opportunity to question the defendant about other portions of the tape and to offer the FBI report in evidence, thereby properly allowing the jury to assess the weight to be given to the tape.

Accordingly, IT IS ORDERED that defendant's motion to suppress the Tobin tape be, and the same is, hereby denied.