349 So.2d 1196 (1977)
Eddie L. BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 76-942.
District Court of Appeal of Florida, Fourth District.
August 12, 1977.
Rehearing Denied October 4, 1977.
Richard L. Jorandby, Public Defender, and Frank B. Kessler, and James K. Green, Asst. Public Defenders, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Harry M. Hipler, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
We have for review in this case the question of the admissibility of a tape recorded conversation of appellant and a codefendant made without their knowledge while they were confined in a police car.
Appellant and a codefendant, Jody Stanley, Jr., were arrested on a charge of robbery and placed in the back seat of a police car. A tape recorder located on the front seat of the car was activated, and it recorded a conversation between appellant and his codefendant. During the period of the recorded *1197 conversation no one else was present in the police car.
When the court denied appellant's motion to suppress the tape recorded conversation appellant plead nolo contendere reserving the right to appellate review of that ruling. Appellant poses three points on appeal, only two of which warrant discussion:
"II. WHETHER THE INTERCEPTION OF APPELLANT'S ORAL COMMUNICATIONS WITH HIS CO-DEFENDANT VIOLATED HIS PROTECTIONS AGAINST UNREASONABLE SEARCHES?
"III. WHETHER THE INTERCEPTION OF APPELLANT'S ORAL COMMUNICATIONS WERE MADE IN VIOLATION OF HIS `MIRANDA RIGHTS'?"
Appellant's first contention is that interception of his oral communication with a codefendant constitutes an unlawful incursion into appellant's Fourth Amendment rights. We disagree. It appears to be the general rule that a prisoner in jail has no reasonable expectation of privacy and that the custodians of such a detention center have the right to exercise constant surveillance of inmates, including eavesdropping on their conversations. See, e.g., Lanza v. New York, 370 U.S. 139, 82 S.Ct. 1218, 8 L.Ed.2d 384 (1962); United States v. Hearst, 412 F. Supp. 888 (N.D.Cal. 1976); People v. Miller, 252 Cal. App.2d 877, 60 Cal. Rptr. 791 (1967). This rule has been held to include electronic surveillance while a person is under detention in a police building and not yet formally imprisoned. People v. Califano, 5 Cal. App.3d 476, 85 Cal. Rptr. 292 (1970).
The question at hand is whether the rule applies to arrested persons confined in a police vehicle; we think it does. Once a person is taken into custody by law enforcement authorities, his right to privacy has been effectively diminished, and he has no reasonable expectation that his conversations will be private.
In People v. Chandler, 262 Cal. App.2d 350, 68 Cal. Rptr. 645 (1968), on facts very similar to those in the present case, the court of appeal held that the expectation of a person to privacy while under valid arrest in a police car can be no greater than his expectation of privacy while confined in jail. The defendants in Chandler knew their conversations was being recorded while they were in the police car. However, the court held that the knowledge was of no consequence, since the defendants had no reasonable expectation of privacy while they were confined in a police car. Thus, we hold appellant's constitutional right to privacy has not been offended. We note that the California statute prohibiting the recording of certain conversations provides that the recording of an oral communication is not prohibited if the parties thereto "`may reasonably expect that the communication may be overheard or recorded.'" People v. Chandler, supra, 68 Cal. Rptr. at 648. Our statute, Chapter 934, Florida Statutes (1975), prohibits the recording of "any oral communication uttered by a person exhibiting an expectation that such conversation is not subject to interception under circumstances justifying such expectation... ." Section 934.02(2). Because we hold that a person in appellant's circumstances at the time of the recording has no reasonable expectation of privacy, Chapter 934 gives appellant no protection.
Appellant's second contention for reversal is that the interception of his oral communication constitutes a violation of his "Miranda rights". The argument seems to be that since appellant had been deprived of his freedom in a significant way, his remarks contained on the tape recording constituted custodial statements prohibited by Miranda. We would answer this contention by simply adopting the reasoning of the California Court in People v. Califano, supra, in discussing a similar contention by the appellee therein:
"The fallacy in this argument is self-evident. The incriminating statements *1198 made in the course of this conversation were not responsive to any process of interrogation. As stated in People v. Fioritto, supra [68 Cal.2d 714,] at page 718, 68 Cal. Rptr. [817,] at page 819, 441 P.2d [625,] at page 627:
`As [Miranda] makes plain, the procedural safeguards therein come into play only where "custodial interrogation" is involved, and by "custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." * * *'
"In People v. Ireland, 70 Cal.2d 522, 75 Cal. Rptr. 188, 196, 450 P.2d 580, 588, it was stated that `even a defendant in custody might make statements admissible under Miranda if it were shown that such statements were the result of the defendant's own initiative and did not arise in a context of custodial interrogation.'" 85 Cal. Rptr. at 297.
For the foregoing reasons we affirm the judgment and sentence appealed from.
AFFIRMED.
MAGER and LETTS, JJ., concur.