106 F.3d 409
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rafael ESPINOZA-GODINEZ, Defendant-Appellant.
 No. 96-30141.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1997.*
Decided Jan. 17, 1997.
 
 Before: ALDISERT**, PREGERSON, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Espinoza-Godinez appeals his jury conviction and 70-month sentence for heroin distribution. He contends that the district court abused its discretion by admitting into evidence audio tapes that were partially inaudible. He also contends that the district court clearly erred in denying a two-level sentencing reduction for acceptance of responsibility. We affirm.
 
 FACTS
 
 3
 In March 1995, agents from the Westside Interagency Narcotics Team began an undercover investigation involving Espinoza-Godinez and several of his acquaintances. In a series of recorded telephone calls, Detective Moore negotiated with Espinoza-Godinez and others for the purchase of various controlled substances. Moore's telephone negotiations culminated in a plan to meet Espinoza-Godinez at a restaurant on March 29, 1995, so that Moore could purchase heroin and marijuana.
 
 
 4
 On that day, Espinoza-Godinez came to the restaurant in a car driven by Efrem Martinez-Arellano. Moore was wearing a body wire to record the exchange. After Martinez-Arellano handed Moore the heroin, Moore handed Espinoza-Godinez the money and asked him to count it. As Espinoza-Godinez was counting the money, Moore gave the arrest signal. Both Espinoza-Godinez and Martinez-Arellano were arrested.
 
 
 5
 On April 26, 1995, a federal grand jury returned a three-count indictment against Espinoza-Godinez and Martinez-Arellano. Espinoza-Godinez was charged only in count two, for distribution of heroin in violation of 21 U.S.C. § 841(a)(1). He entered a plea of not guilty, and went to trial before a jury on October 11, 1995.
 
 
 6
 At trial, the government entered into evidence several tapes containing Detective Moore's telephone conversations and the body wire of the March 29, 1995, conversation in the restaurant parking lot. Espinoza-Godinez objected to the admission of these recordings into evidence.
 
 
 7
 Espinoza-Godinez also presented an entrapment defense. He contended that he had not been predisposed to distribute heroin. He claimed that he had only participated in the March 29 incident out of sympathy for Moore, whom he thought to be a friend of a friend. Furthermore, Espinoza-Godinez maintained that he lacked the requisite intent to distribute heroin. He claimed that he had only intended to act as an interpreter for the others who were actually managing the sale.
 
 
 8
 At the close of trial, the jury found Espinoza-Godinez guilty of heroin distribution as charged. Espinoza-Godinez was sentenced on April 8, 1996, to 70 months in prison.
 
 STANDARD OF REVIEW
 
 9
 The district court's decision as to the admissibility of audio tapes is reviewed for abuse of discretion. United States v. Matta-Ballesteros, 71 F.3d 754, 768 (9th Cir.1995); United States v. Lane, 514 F.2d 22, 27 (9th Cir.1975).
 
 
 10
 The district court's finding as to the defendant's acceptance of responsibility is reviewed for clear error. United States v. Ing, 70 F.3d 553, 555 (9th Cir.1995).
 
 DISCUSSION
 1. Admissibility of Audio Tapes
 
 11
 Espinoza-Godinez contends that the district court abused its discretion by admitting into evidence audio tapes that were partially inaudible. The government argues that Espinoza-Godinez waived this argument by failing to make timely objection to the tapes on this ground at trial.
 
 
 12
 It is true that Espinoza-Godinez's defense counsel at trial originally expressed no objection to the quality or admissibility of the tapes. The record shows, however, that defense counsel did complaint to the court that the interpreter could not hear what was being said on at least one of the tapes. Moreover, Espinoza-Godinez himself insisted through his defense counsel that the jury could not hear significant exculpatory sections of the conversations in question. It is therefore arguable that Espinoza-Godinez made adequate and timely objection to the partial inaudibility of the tapes.
 
 
 13
 The rule in this circuit is that a recorded conversation "is generally admissible unless the unintelligible portions are so substantial that the recording as a whole is untrustworthy." United States v. Tisor, 96 F.3d 370, 376 (9th Cir.1996). "The admissibility of taped conversations is addressed to the sound discretion of the trial judge." Lane, 514 F.2d at 27 (quoting Cape v. United States, 283 F.2d 430, 435 (9th Cir.1960)).
 
 
 14
 Having listened at trial to each of the audio tapes in question, the district court is in the best position to determine the sound quality and probative value of those tapes. The record shows that the district court took precautions to ensure that the jury would be able to weigh properly the evidence on the tapes. When the government began playing the first tape for the jury, for example, the district court stopped the recording to poll the jurors on the tape's audibility. The court only permitted the government to proceed with the tapes after the jurors indicated that they could "understand things on that tape or most of the conversation." Later, the district court found that another tape was not sufficiently audible, and accordingly excluded it from evidence.
 
 
 15
 Espinoza-Godinez also had the opportunity to testify on his own behalf and cross-examine the government's witness about what was said in inaudible sections of the tapes. This case is therefore similar to United States v. Hearst, 412 F.Supp. 888 (N.D.Cal.1976). In Hearst, the district court correctly reasoned that a partially inaudible tape could properly be admitted because defense counsel had the opportunity to question the defendant about the tape and offer other relevant evidence, "thereby properly allowing the jury to assess the weight to be given to the tape." Id. at 889.
 
 
 16
 For the above reasons, we conclude that the district court did not abuse its discretion by admitting the audio tapes into evidence.
 
 2. Acceptance of Responsibility
 
 17
 Espinoza-Godinez also contends that the district court clearly erred in denying his request for a sentence reduction under Sentencing Guidelines section 3E1.1. Section 3E1.1 provides for a two-level reduction where the defendant "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1. This court has recognized that the sentencing court "is in a unique position to evaluate the defendant's acceptance of responsibility." United States v. Innie, 7 F.3d 840, 848 (9th Cir.1993) (quoting United States v. Gonzalez, 897 F.2d 1018, 1019 (9th Cir.1990)). For this reason, the sentencing court's determination whether a defendant has accepted responsibility for a crime "is entitled to great deference and should not be disturbed on review unless without foundation." Innie, 7 F.3d at 848 (quoting Gonzalez, 897 F.2d at 1019) (emphasis added).
 
 
 18
 The record in the present case shows adequate foundation for the district court's determination that Espinoza-Godinez did not accept responsibility for his conduct. At trial, Espinoza-Godinez contested numerous factual issues, including his criminal predisposition and intent to distribute heroin. This case is therefore similar to United States v. Molina, 934 F.2d 1440 (9th Cir.1991). In Molina, this court affirmed the denial of an adjustment because the defendant's testimony conflicted with the government's case "on almost every key incident concerning both his predisposition to engage in drug trafficking and the government's alleged inducement in getting him to cooperate." Id. at 1450-51. United States v. Marquardt, 949 F.2d 283 (9th Cir.1991), is also apposite. In Marquardt, this court affirmed the denial of a section 3E1.1 adjustment for a defendant who denied his intent to violate the law. Id. at 285.
 
 
 19
 Nor did Espinoza-Godinez "clearly demonstrate acceptance of responsibility for his offense" after he was convicted. At his sentencing hearing, Espinoza-Godinez expressed remorse for his past conduct in general. He began his statement to the court by saying: "Your Honor, I feel regretful for the course that my life's actions have sent me on." In the remainder of his statement, however, Espinoza-Godinez continued to contest his guilt on the immediate charge of heroin distribution. He argued that "there are many mitigating factors that never were brought up in this court at my trial that could strongly prove my innocence or have won an acquittal."
 
 
 20
 The sum of Espinoza-Godinez's conduct at trial and at sentencing supports the district court's determination that he failed to show acceptance of responsibility. Therefore, we conclude that the district court did not clearly err in denying Espinoza-Godinez a sentence reduction under section 3E1.1.
 
 CONCLUSION
 
 21
 The record indicates that the district court did not abuse its discretion in admitting the audio tapes into evidence, and did not clearly err in denying a sentence reduction for acceptance of responsibility.
 
 
 22
 The judgment and sentence of the district court are AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3