Ray **SOWARDS,** Plaintiff—Appellant,

v.

**CITY OF MILPITAS; et al.,**
**Defendants—Appellees.**

No. 05–16530.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 17, 2007.*

Filed Oct. 17, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Douglas B. Allen, Esq., Burnett Burnett & Allen, San Jose, CA, for Plaintiff–Appellant.

Kimberly E. Colwell, Esq., Alan M. Cohen, Esq., Meyers Nave Riback Silver & Wilson, Oakland, CA, for Defendants–Appellees.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: O'SCANNLAIN, HAWKINS, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Ray Sowards appeals from the district court's grant of summary judgment in favor of Sgt. Ron Gordon and the City of Milpitas, California in this 42 U.S.C. § 1983 action. After Sowards was arrested, the police placed him in an interrogation room, read him his *Miranda* rights, and interviewed him. The police recorded this interrogation on videotape. Thereafter, Sgt. Gordon allowed Hoa Glassey, an attorney and alibi witness, to enter the room and left Glassey and Sowards alone together, telling them that Glassey could not act as Sowards's lawyer because she was an alibi witness. Sowards alleges that the City and Sgt. Gordon violated his constitutional rights when Gordon videotaped Sowards and Glassey's ensuing conversation. The remaining facts and procedural history are repeated herein only as necessary.

The district court held that the City and Sgt. Gordon were entitled to qualified immunity, which Sowards now challenges. To determine whether a defendant is entitled to qualified immunity we apply the two-part test established by *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). First, we examine "whether the [officers] violated [the plaintiff's] constitutional rights on the facts alleged and, second, if there was a violation, whether the constitutional rights were clearly established." *Boyd v. Benton County*, 374 F.3d 773, 778 (9th Cir.2004) (quoting *Desyllas v. Bernstine*, 351 F.3d 934, 939 (9th Cir.2003)).

Viewed in the light most favorable to Sowards, the facts may well support a violation of his Fourth Amendment rights.

Nevertheless, at step two, for a constitutional right to be clearly established, "its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* at 780–81 (citations and internal quotation marks omitted). The scope of protection the Fourth Amendment affords to a pretrial arrestee's interrogation-room conversation with an attorney who is also an alibi witness has not been clearly established. *See Saucier,* 533 U.S. at 202, 121 S.Ct. 2151 ("The relevant, dispositive inquiry is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."). Sowards has been unable to identify, and we have been unable to find, any binding or non-binding authority whatsoever that establishes that a police officer's recording of a conversation between a pretrial arrestee and an attorney-witness at a police station constitutes a Fourth Amendment violation.[1] *See Boyd,* 374 F.3d at 781 ("[W]e begin our inquiry by looking to binding precedent. . . . [I]n the absence of binding precedent, we look to whatever decisional law is available to ascertain whether the law is clearly established . . . ." (citations and internal quotation marks omitted)). Accordingly, even viewing the facts in the light most favorable to Sowards, we agree with the district court's conclusion that a reasonable officer in Sgt. Gordon's position could have believed that his actions were lawful.

■ We also agree with the district court's conclusion that Sowards failed to allege a Fifth Amendment violation because his videotaped conversation with Glassey was not an interrogation. *See Illinois v. Perkins,* 496 U.S. 292, 298, 110 S.Ct. 2394, 110 L.Ed.2d 243 (1990) (holding that an incarcerated suspect who made incriminating statements to an undercover law enforcement officer posing as a fellow inmate was not subjected to a custodial interrogation) (citing *Hoffa v. United States,* 385 U.S. 293, 304, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966)); *Williams v. Nelson,* 457 F.2d 376, 377 (9th Cir.1972) (concluding that police recording of a defendant's conversation with his co-defendant while the two were alone in an interrogation room did "not constitute coercion").

The decision of the district court is

**AFFIRMED.**

---

1. The closest case on point is a 1976 decision of the Colorado Court of Appeals, in which the court held that police officers who observed an attorney deliver narcotics to his incarcerated client while they met in an interrogation room at the county jail violated the attorney's reasonable expectation of privacy. *People v. Harfmann,* 38 Colo.App. 19, 555 P.2d 187 (1976). Even to the extent this precedent is related, we cannot conclude that it would have put a reasonable officer in Sgt. Gordon's position on notice that his conduct would be clearly unlawful. *See Boyd,* 374 F.3d at 778 (quoting *Saucier,* 533 U.S. at 202, 121 S.Ct. 2151).