556 P.2d 1176

**In the Matter of John DOE, a child,
Appellant.**

**No. 2551.**

Court of Appeals of New Mexico.

Oct. 19, 1976.

Certiorari Denied Nov. 24, 1976.

Theodore E. Lauer, Lauer & Lauer, Santa Fe, for appellant.

Toney Anaya, Atty. Gen., Raymond Hamilton, Don Montoya, Asst. Attys. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Chief Judge.

A children's court petition alleged the child was delinquent in that he committed robbery, unlawful taking of a motor vehicle, felony murder and vehicular homicide. The child has been transferred to the district court to be tried as an adult. The child appeals, contending: (1) a hearing was not begun within the statutory time limit; (2) the child's probation record was erroneously admitted; and (3) findings required for transfer are not supported by evidence. Because of the dates involved, we do not consider the Children's Court Rules are applicable to these issues.

*Hearing Within Statutory Time Limit*

The delinquency petition was filed March 10, 1976. A petition to transfer the child to district court for prosecution as an adult was filed March 16, 1976. An evidentiary hearing was held on the transfer question on March 26, 1976. At the beginning of the hearing the child's attorney moved to dismiss the delinquency petition with prejudice on the basis that "the 15 days was up yesterday." See *Doe v. State,* 88 N.M. 644, 545 P.2d 1022 (Ct.App.1976).

The statute involved is § 13–14–26, N.M.S.A.1953 (Repl. Vol. 3, pt. 1).

The child was in custody. The applicable time limitation is stated in § 13–14–26(A)(1), supra:

"A. Unless the allegations of a petition alleging delinquency or need of supervision are determined by an admission of the allegations in the petition by the child, on motion by or in behalf of the child, the petition shall be dismissed with prejudice if a hearing on the allegations in the petition is not begun within:

"(1) fifteen [15] days from the date the petition is filed when a child in custody is denied unconditional release at his detention hearing;"

The hearing began on the 16th day after the delinquency petition was filed. Certain periods of time are excluded in computing the time period.

Section 13–14–26(B)(1) states:

"B. The following time periods shall be excluded in computing the time by which a hearing on the allegations in the petition must be begun:

"(1) the period of delay resulting from other legal actions concerning the child, including but not limited to an examination or hearing related to mental health, prehearing motions, waiver motions and hearings on other matters;"

It is unnecessary to decide whether the transfer petition was an "other legal action", a prehearing motion or "other matter"; the transfer petition comes within at least one of these terms. The delay resulting from such a proceeding is to be excluded in reckoning the time limitation.

The transfer petition relied on §§ 13–14–27 and 13–14–27.1, N.M.S.A.1953 (Repl. Vol. 3, pt. 1). At least three days notice of hearing is required under § 13–14–27, supra. At least five days notice of hearing is required under § 13–14–27.1, supra. Notice of the March 26th hearing was mailed on March 18, 1976. The statutory time pe-

riod for notice was "delay resulting" from the transfer petition. Excluding this delay, a hearing was begun within the statutory period of fifteen days.

Was the hearing on the transfer petition a "hearing on the allegations" in the delinquency petition? Yes. Before the court could order a transfer under either § 13–14–27 or § 13–14–27.1, supra, a finding was required that there are reasonable grounds to believe the child committed the delinquent acts alleged in the delinquency petition. Thus, the transfer hearing was a hearing on the allegations of the petition.

*Admission of Probation Record*

At the evidentiary hearing on the transfer petition, the court proceeded in accordance with § 13–14–27, supra. It first heard the evidence and found there was reasonable grounds to believe that the child committed the delinquent acts alleged. It then proceeded to hear evidence as to the issues described in § 13–14–27(A)(4), subparagraphs (b), (c) and (d).

A juvenile probation officer was called as a witness. This officer was the child's probation officer. The officer testified on the basis of personal knowledge concerning the disposition of a prior children's court petition and the counseling services, supervision, and assistance he had rendered the child. See § 13–14–8, N.M.S.A.1953 (Repl. Vol. 3, pt. 1).

The officer was asked if he could testify on the basis of personal knowledge concerning specific offenses for which the child had been referred to the officer. The child's attorney objected that such evidence was inadmissible under § 13–14–30, N.M.S.A.1953 (Repl. Vol. 3, pt. 1). After this objection was overruled, the officer indicated he would testify to the best of his memory, but that he had the child's file with him and inquired if he could look at the file. The court indicated the officer should look at the file. The file was identified as an official file; the officer was its custodian and the officer testified the file would accurately reflect the reasons

the child was referred to juvenile probation and the action taken. The witness was asked to summarize the contents of the file. The child's attorney objected to reading the contents of the file into the record. The court limited the inquiry to "charges and dispositions". The child's attorney then objected that there was no proper foundation for the records, that he was being deprived of the right of cross-examination and renewed his contention that the evidence was inadmissible under § 13–14–30, supra.

The overruling of the various objections is the basis of numerous contentions on appeal. The claims divide, however, into two questions.

▆ The first question is whether the probation officer's testimony was inadmissible under § 13–14–30, supra. The pertinent portion of that section states:

"The disposition of a child, and any evidence given in a hearing in court, shall not be admissible as evidence against the child in any case or proceeding in any other tribunal whether before or after reaching majority except in sentencing proceedings after conviction of a felony and then only for the purpose of a presentence study and report."

The child's contention is that the quoted language prohibited the children's court from receiving evidence concerning prior children's court proceedings involving the same child. The prior proceedings in this case were in the Children's Court of the First Judicial District; the child argues that § 13–14–30, supra, prohibits the Children's Court of the Second Judicial District from being informed of those proceedings. Our use of "proceedings" includes the charge, the disposition and related probation activities.

Section 13–14–42, N.M.S.A.1953 (Repl. Vol. 3, pt. 1) provides that reports of preliminary inquiries, predisposition studies and "supervision records of probationers" shall be open to inspection by the judge, probation officers and professional staff of

the court. "Court" means the children's court. See § 13–14–3(C), N.M.S.A.1953 (Repl. Vol. 3, pt. 1). In light of these provisions, "any other tribunal" as used in § 13–14–30, supra, means a tribunal other than the children's court. Section 13–14–30, supra, did not bar the probation officer's testimony.

The second question involves testimony by the probation officer concerning the contents of the child's probation file. The child claims this evidence was inadmissible on various grounds; that the evidence was hearsay, and hearsay evidence is not admissible in proceedings involving issues under § 13–14–27(A)(4), subparagraphs (b), (c) and (d), supra; that the evidence was not admissible under Evidence Rule 803(6) or 803(8) and that admission of the testimony deprived the child of the right of cross-examination.

We do not rule on these various contentions because of the contents of the challenged testimony and the use made of it by the court. On direct examination the probation officer testified that there had been referrals to the juvenile probation office prior to the time the witness became the child's probation officer. The officer did not identify these referrals on direct examination. The officer also testified as to the specific date of a diagnostic commitment of the child. On cross-examination the officer testified concerning two prior referrals—for truancy and "for unofficial action" for possession of marijuana. The context of this testimony shows it was based on the contents of the probation file.

■ We assume, but do not decide, that the testimony based on the contents of the probation file was improperly admitted. Erroneous admission of evidence is not reversible error in a non-jury proceeding unless it appears that the court must have relied upon such evidence in reaching its decision. *Gray v. Grayson*, 76 N.M. 255, 414 P.2d 228 (1966); *Utter v. Marsh Sales Company*, 71 N.M. 335, 378 P.2d 374 (1963); *L. & B. Equipment Company v.*

*McDonald*, 58 N.M. 709, 275 P.2d 639 (1954). The court's remarks at the conclusion of the hearing show that the court did not rely on any of the testimony based on the contents of the probation file. The court's remarks show the court relied on the probation officer's personal knowledge of activities involving the child.

*Sufficiency of the Evidence*

After finding there are reasonable grounds to believe the child committed the delinquent acts alleged, the court must hear evidence and find reasonable grounds to believe that:

"(4) . . .

\*   \*   \*   \*   \*   \*

"(b) the child is not amenable to treatment or rehabilitation as a child through available facilities; and

"(c) the child is not committable to an institution for the mentally retarded or mentally ill; and

"(d) the interests of the community require that the child be placed under legal restraint or discipline."

Section 13–14–27(A)(4)(b), (c) and (d), supra.

The court made the requisite findings. The child challenges the findings as to items (b) and (d) on five grounds.

■ 1. He attacks § 13–14–27.1, supra, as being void for vagueness. We need not consider this contention because the transfer order was based on both §§ 13–14–27 and 13–14–27.1, supra. The evidence supports the findings under § 13–14–26, supra. *Matter of John Doe*, N.M.App., 554 P.2d 669 (Ct.App.) 1976.

■ 2. He challenges the delinquent acts alleged. He asserts the children's court had no jurisdiction over a charge of reckless driving. There was no such charge; the charge was vehicular homicide committed while driving recklessly. See §§ 64–22–1 and 64–22–3, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 2). He claims the charge of unlawful taking of a vehicle was a less-

er offense included in the charge of robbery and only one of these should have been considered. Under the evidence, the court could have found reasonable grounds to believe the child committed each of the charges. See *State v. Tanton,* 88 N.M. 333, 540 P.2d 813 (1975). He contends the evidence does not support felony murder. The evidence provided reasonable grounds to believe the child committed felony murder. *Matter of John Doe,* (Ct.App.) 554 P.2d 669, supra.

3. He contends that the evidence concerning the child's rehabilitation needs shows the child had responded to past treatment and was amenable to treatment or rehabilitation under the Children's Code. The evidence was conflicting. On the basis of this conflicting evidence, the court could properly find there was reasonable grounds to believe the child was not amenable to treatment or rehabilitation.

4. He asserts there was no evidence as to "available facilities" for treatment of the child under the Children's Code and therefore the court could not properly find that the child was not amenable to treatment available in those facilities. This contention overlooks evidence that the child had been placed on probation after a diagnostic commitment under a previous charge, evidence of counseling efforts to which the child did not respond and evidence that the child ran away from a group home in which he had been placed. The child's argument, in effect, asks us to weigh the evidence. We do not do so. The evidence was sufficient for the court to find reasonable grounds to believe the child was not amenable to treatment through available facilities.

5. He asserts the evidence does not show that needed restraint and discipline could not be provided within facilities available to the children's court. All that was required was evidence from which the court could find reasonable grounds to believe "the interests of the community require that the child be placed under legal restraint or discipline." There was such evidence.

The order transferring the child to district court for treatment as an adult is affirmed.

IT IS SO ORDERED.

HENDLEY and SUTIN, JJ., concur.