579 P.2d 798

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**James Patrick AGUIRRE,
Defendant-Appellant.**

**No. 3340.**

Court of Appeals of New Mexico.

March 14, 1978.

Rehearing Denied March 23, 1978.

Writ of Certiorari Denied May 18, 1978.

Theodore E. Lauer, Lauer & Lauer, Santa Fe, for appellant.

Toney Anaya, Atty. Gen., Robert G. Sloan, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Chief Judge.

The trial court denied defendant's motion to suppress evidence; we granted an inter-locutory appeal. The issue is the voluntari-ness of defendant's statement which amounts to a confession of larceny. The statement also implicates defendant in the related burglary charge, but in some re-spects is exculpatory of burglary. See *State v. Rogers,* 83 N.M. 676, 496 P.2d 169 (Ct.App.1972). We discuss: (1) the stan-dard for determining voluntariness, and (2) the effect of a promise to not prosecute criminal charges which were separate from the charges in this case.

*Standard for Determining Voluntariness*

*Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973) states that the ultimate test of voluntariness is whether the confession is the product of an essentially free and unconstrained choice by its maker. "In determining whether a de-fendant's will was overborne in a particular case, the Court has assessed the totality of all the surrounding circumstances—both the characteristics of the accused and the details of the interrogation." *Schneckloth* lists some of the factors taken into account and states:

> The significant fact about all of these decisions is that none of them turned on the presence or absence of a single con-trolling criterion; each reflected a care-ful scrutiny of all the surrounding cir-cumstances.

Defendant does not claim the trial court used an incorrect standard in determining the question of voluntariness; his claim is that the trial court's application of the cor-rect standard was improper under the evi-dence. This claim involves four items.

 One item is defendant's age. He was eighteen at the time of the statement. Age is a factor to be considered. *Schneck-loth v. Bustamonte,* supra; *State v. Benavi-dez,* 87 N.M. 223, 531 P.2d 957 (Ct.App. 1975). However, a person who has reached the age of eighteen is considered an adult for most purposes. Section 13–13–1, N.M.S. A.1953 (Repl. Vol. 3, pt. 1).

■ A second item is a statement made by Detective Lara to the defendant at the police station. The detective had asked defendant's father to bring defendant to the police station so the detective could talk to the defendant. According to defendant, Lara stated: " 'The only reason I brought you in, cause it would be easier that you tell us now, then to be going to court and having them find out.' " Adjurations to tell the truth are not a basis for ruling, as a matter of law, that a confession should be suppressed. *State v. Wickman,* 39 N.M. 198, 43 P.2d 933 (1935). Rather, such an adjuration is a factor to be considered; one aspect of the totality of the circumstances. See *State v. Lindemuth,* 56 N.M. 257, 243 P.2d 325 (1952).

■ The third item involves the deception employed by Detective Lara. The trial court charitably characterized Lara's testimony at the evidentiary hearing as confusing. We do not determine whether the confusion resulted from Lara misunderstanding the questions asked or from Lara deliberately evading a direct answer to the questions. Lara told defendant that an informer had stated that defendant "and some other guy, pulled the burglary", told defendant that Lara had worked with the informant twelve times and that the informant had never been wrong. Some of Lara's statements about the informant were false and the inference is that all of the statements were false. Lara justified the falsity as "a basis of interrogation methods that I used." Lara's deception was a factor to be considered; an aspect of the totality of the circumstances. However, the deception, in itself, is not a basis for ruling, as a matter of law, that a confession should be suppressed. *Frazier v. Cupp,* 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969); *State v. Winters,* 27 Ariz.App. 508, 556 P.2d 809 (1976).

The fourth item is Lara's promise to not prosecute other criminal charges; this item is discussed in the next issue. Here, we consider it as a factor in determining the totality of the circumstances.

■ The combination of the above four items did not require the trial court to suppress the confession. The totality of the circumstances here includes: 1) Defendant arrived at the police station, accompanied by his father, about 6:30 p. m. 2) At 6:34 p. m. he acknowledged, in writing, that he had been advised of his constitutional rights, including the right not to say anything at all. 3) At the evidentiary hearing, defendant testified that he had read the advice of rights and had understood what he had read. 4) The evidence is conflicting as to whether the father was present, in the room, when defendant confessed. The testimony at the hearing was that the father was not present. The transcription of the taped confession is that the father was with defendant "while this conversation is being recorded". 5) The taped confession took five minutes—7:40 to 7:45 p. m. 6) Defendant's total time at the police station, under the evidence, was from 6:30 p. m. to 7:45 p. m.

Under the above circumstances we cannot hold that defendant's will was overborne and cannot say the trial court erred in holding, in the totality of the circumstances, that defendant's confession was voluntary.

*Promise Not to Prosecute Other Criminal Charges*

Although Detective Lara equivocated when asked if he made any promises to defendant prior to the confession, the transcript of the taped confession and the testimony of defendant and his father all indicate a promise was made. The trial court made no finding as to what was promised and there is no claim that a promise has been violated. See *State v. Session,* 91 N.M. 381, 574 P.2d 600 (Ct.App. decided January 3, 1978).

For the purpose of this point, we will assume that Lara's promise was that which appears in the transcript of the taped confession; there Lara stated that defendant "would not be charged with any other burglary". Defendant asserts this was an improper promise which rendered the confession involuntary.

For a confession to be voluntary, it must not have been extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight, nor by the exercise of any improper influence. *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). See *State v. Turnbow,* 67 N.M. 241, 354 P.2d 533, 89 A.L.R.2d 461 (1960); *State v. Watson,* 82 N.M. 769, 487 P.2d 197 (Ct.App. 1971).

New Mexico decisions applying this rule have dealt with promises made in connection with the crime charged or under inquiry. See *State v. Nelson,* 63 N.M. 428, 321 P.2d 202 (1958); *State v. Lindemuth,* supra; *State v. Lord,* 42 N.M. 638, 84 P.2d 80 (1938); *State v. Dena et al.,* 28 N.M. 479, 214 P. 583 (1923); *State v. Foster,* 25 N.M. 361, 183 P. 397, 7 A.L.R. 417 (1919); *State v. Benavidez,* supra; *State v. Watson,* supra.

Where, however, the benefit promised is collateral to the crime charged or under inquiry, the promise does not invalidate the confession. *State v. Woo Dak San,* 35 N.M. 105, 290 P. 322 (1930) states:

> [P]romises of collateral benefit or boon not relating to immunity from the consequences of the crime are not, ex proprio vigore, sufficient to render the confession inadmissible as involuntary, and where they are not, under all the circumstances, sufficiently strong to overcome the will of the declarant so as to cause an innocent man to confess falsely, the confession is admissible.

*State v. Wickman,* supra, states:

> The promise of a collateral boon does not ex proprio vigore render the confession involuntary in the legal sense. The question for the judge to determine is whether, under all the circumstances, the influence was strong enough to cause an innocent man to confess falsely.

See also, *State v. Lord,* supra.

The collateral benefit rule applies in cases where the promise is that other unrelated crimes will not be prosecuted. In *State v. Kanive,* 221 Kan. 34, 558 P.2d 1075 (1976) the promise was to discontinue investigation of a rape case if defendant cooperated with the police in connection with the murder case under investigation. Thereafter Kanive admitted having a part in the murder. The promise made in connection with the rape case did not bar defendant's admission in connection with the murder.

Lara's promise that defendant would not be charged with any other burglary, did not, by its own force (ex proprio vigore), render defendant's confession inadmissible. There is nothing indicating that Lara's promise caused defendant to confess falsely. Accordingly, Lara's promise was no more than an additional factor for the trial court to consider, as a part of the totality of the circumstances, in deciding whether the confession was voluntary.

The order denying the motion to suppress is affirmed.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.