582 P.2d 378

**STATE of New Mexico, Petitioner,**

v.

**Floyd LANKFORD, Respondent.**

No. 11941.

Supreme Court of New Mexico.

July 25, 1978.

Rehearing Denied Aug. 9, 1978.

Toney Anaya, Atty. Gen., Charlotte Hetherington Roosen, Asst. Atty. Gen., Santa Fe, for petitioner.

Reginald J. Storment, Appellate Defender, Douglas Barr, Asst. Appellate Defender, Santa Fe, for respondent.

## OPINION

EASLEY, Justice.

Defendant was convicted by a jury of unlawful taking of a vehicle. The Court of Appeals reversed the conviction. We reverse the Court of Appeals and reinstate the judgment of conviction.

The dispositive issue is whether there is substantial evidence in the record to support the jury verdict as to the charge that the offense was committed between August 16 and 31, 1976.

### The Facts

The criminal information charged the defendant with unlawful taking of a motor vehicle "on or about August 31, 1976." Defendant filed a "Demand for Particulars" and the District Attorney responded with a "Bill of Particulars" stating that the crime was committed sometime between August 16 and 31, 1976.

The automobile in question, a Volkswagen, had been left by the owner, Mrs. Yoeman, at Bowlin's Teepee, twenty miles west of Deming for a period of about six weeks. Darroll Homer testified that he went with the defendant to unlawfully take the automobile "approximately somewhere in August." On being cross-examined as to how he knew the incident occurred in August he stated "because I was there." Homer later stated that the incident "could have happened in August." The manager of Bowlin's testified that the car disappeared from the "very end of August up to the 10th of September." A sheriff's report which was introduced as an exhibit without objection showed that the owner had called the sheriff's office on September 8, 1976, and reported to a deputy sheriff that she had just talked with someone at the Teepee and was informed that the last time the car had been seen was on Saturday, September 4. There was other evidence which showed the taking may have been in September.

The trial court gave defendant's requested instruction that required the jury to find that the crime was committed between August 16 and 31, 1976. The jury brought back a guilty verdict.

*Opinion of the Court of Appeals*

The Court of Appeals by memorandum opinion reversed the conviction, ruling that there was no substantial evidence in the record that the taking of the vehicle occurred within the specified dates. Other holdings of that court are not material hereto.

In determining whether the evidence supports a criminal charge or an essential element thereof, the appeals court must view the evidence in a light most favorable to the state, resolving all conflicts therein and indulging all permissible inferences therefrom in favor of a verdict of conviction. *State v. Lucero*, 88 N.M. 441, 541 P.2d 430 (1975); *State v. Vigil*, 87 N.M. 345, 533 P.2d 578 (1975); *State v. Parker*, 80 N.M. 551, 458 P.2d 803 (Ct.App.1969), *cert. denied*, 80 N.M. 607, 458 P.2d 859 (1969). The appellate court does not weigh the evidence and may not substitute its judgment for that of the jury. *State v. Santillanes*, 86 N.M. 627, 526 P.2d 424 (Ct.App.1974); *see State v. Vigil*, supra.

Where testimony is conflicting, such conflict raises questions of fact for a jury to decide. *State v. Ellis*, 89 N.M. 194, 548 P.2d 1212 (Ct.App.1976), *cert. denied*, 89 N.M. 206, 549 P.2d 284 (1976); *State v. Seaton*, 86 N.M. 498, 525 P.2d 858 (1974).

The issue was clearly drawn. The pleadings claimed the offense occurred between August 16 and 31. The evidence was conflicting, but there was evidence that the taking occurred at the "very end of August." The jury was charged that, in order to convict they must find that the defendant committed the offense within the specified dates. The jury convicted.

We hold that there is substantial evidence upon which the jury could find the defendant committed the offense during the time claimed by the state. We do not reach the other issues addressed by the Court of Appeals.

We reverse the Court of Appeals and order the judgment of conviction reinstated in the trial court.

IT IS SO ORDERED.

McMANUS, C. J., and PAYNE and FEDERICI, JJ., concur.