639 P.2d 1214
STATE of New Mexico,
Plaintiff-Appellee,

v.

John McGUINTY, Defendant-Appellant.

No. 5307.

Court of Appeals of New Mexico.

Jan. 19, 1982.

Michael Gernsheimer, Grant, Gernsheimer & Hartman, P. A., Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Clare E. Mancini, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

LOPEZ, Judge.

The defendant appeals his conviction of distribution of a controlled substance to-wit, marijuana, contrary to § 30–31–22(A)(1) N.M.S.A. 1978. We affirm.

The defendant presents four issues: 1. Police intimidation of the defense witness resulting in denial of due process; 2. Prosecutor misconduct during closing arguments; 3. Ineffective assistance of counsel; and 4. Cumulative error.

One issue was listed in the docketing statement but not briefed and it is considered abandoned. *State v. Vogenthaler*, 89 N.M. 150, 548 P.2d 112 (Ct.App.1976).

Since we have noted probable lack of jurisdiction, we will discuss this matter first. The defendant was found guilty of the crime on appeal on December 4, 1979. Subsequent to the jury trial the defendant filed an original and amended motion for a new trial. The trial court denied the motion by order entered on January 7, 1980. The sentencing was set for January 31, 1980, but the defendant failed to appear at the hearing. A bench warrant was issued by the trial court and the defendant was subsequently apprehended in the State of Oregon and returned to New Mexico. The judgment and sentence were entered on

July 20, 1981. Notice of appeal was filed on July 31, 1981. We note one day delay in the notice of appeal. The state does not object to this matter on appeal, but since it is a matter of jurisdiction it becomes our duty to review it. The trial court was of the opinion that the filing was within the time allowed by law. N.M.Crim.App.Proc. 302, N.M.S.A.1978. To determine timeliness we consider two things: 1. The defendant's motion for leave to appear was granted by the trial court and on a liberal reading of this order it would appear that the time was extended for one more day. 2. Since the defendant was an indigent and he was desirous of appealing, he would be entitled to a delayed appeal even if the one day delay would stand. See, *State v. Gorton*, 79 N.M. 775, 449 P.2d 791 (Ct.App.1969).

In view of these circumstances we choose to take jurisdiction in the appeal.

*1. Police intimidation of the defense witness resulting in denial of due process.*

■ Prior to trial the defendant subpoenaed Mr. Paul Ramirez to testify in his behalf. Mr. Ramirez was to testify as a character witness. Before he was to testify he was confronted by a Gallup police officer who informed him that if he testified, he would thereafter be suspect and watched by the police. The incidence was brought to the attention of the trial court. The court instructed the chief of police to inform the officer that such conduct was highly improper and would not be tolerated. The court also assured Mr. Ramirez that there would not be any adverse consequences if he testified. Later on, Ramirez did not want to testify. The defendant made a tender of proof concerning Ramirez' refusal to testify. Earlier Ramirez had told the court that he was going to testify as to the character of the defendant. On the tender of proof proceeding, the defendant told the trial court that Ramirez was to testify as to defendant's character. The trial court ruled that Ramirez' testimony was cumulative to testimony of other witnesses regarding defendant's character and excluded it, and to this, the defense counsel agreed. On appeal the defendant contends Ramirez did not testify because he was intimidated and his constitutional rights to due process and

to a fair hearing were violated. We disagree with defendant's contentions. Ramirez' testimony was properly excluded on the basis of cumulative testimony. *See, State v. Lovato*, 91 N.M. 712, 580 P.2d 138 (Ct.App.1978); *State v. Brown*, 91 N.M. 320, 573 P.2d 675 (Ct.App.1977). The alleged intimidation was irrelevant as to the exclusion of Ramirez' testimony. We agree with the trial court on this point.

*2. Prosecutor misconduct.*

■ During the rebuttal argument the prosecutor made the following comment:

The other question, ladies and gentlemen, was the matter of the pills which proved not to be speed, but some other kind of substance that was not controlled. It's kind of an amusing spectacle in that we have a case of a—someone who is selling drugs illegally and is perpetrating a fraud on his clientele. He's being dishonest in the double sense of not only against the laws of the State, but the people who are participating with him in those kinds of activities.

On appeal the defendant claims that this argument was improper, and requires a reversal of his conviction. Defendant did not object to the alleged improper argument of the prosecutor. He contends that the argument creates a question of fundamental error which requires review by this court regardless of whether an objection was not made at the trial court. He cites for authority *State v. Garcia*, 19 N.M. 414, 143 P. 1012 (1914); *State v. Vallejos*, 86 N.M. 39, 519 P.2d 135 (Ct.App.1974). The record shows that in addition to marijuana, the defendant sold a bag of white pills to the undercover officer claiming they were speed (amphetamines). The pills were later tested and found not to contain any controlled substance. The inference from this evidence is that the defendant lied to the officer, and he was being dishonest with his customer. Moreover, the defendant placed both his character for honesty and his credibility at issue through his own testimony and that of his four character witnesses.

We hold that the comments by the prosecutor were proper and did not constitute any basis for fundamental error. *State v. Vallejos, supra; State v. Venega,* 96 N.M. 61, 628 P.2d 306 (1981); *State v. Santillanes,* 81 N.M. 185, 464 P.2d 915 (Ct.App. 1970).

### 3. Ineffective counsel.

The defendant claims that he was denied the effective assistance of counsel and because of this fact, his conviction should be reversed. He claims that five actions of his counsel coupled with a Rule 57 motion for post conviction relief provides his basis for his claims. *Dyer v. Crisp,* 613 F.2d 275 (10th Cir. 1980).

The matters referred to in the Rule 57 motion are not of record and cannot yet be reviewed. Rule 57 motions are not appealable. See Rules of Criminal Procedure 57 A, N.M.S.A.1978 (Repl.Pamph.1980). The defendant relies on the *Dyer* case which adopted a "reasonably competent standard". Under this standard, defendant's counsel must exercise skill, judgment and diligence of a reasonably competent defense attorney.

We view each of the five actions complained of by counsel to see if there is any evidence of ineffectiveness.

### 1. Failure to timely file for an appeal.

The defendant cannot complain of this matter because regardless of the alleged untimely filing of the appeal, this court has assumed jurisdiction.

### 2. Failure to timely file a witness list to the state.

Although the defendant counsel did not file a witness list until five days before trial, the trial court permitted the defendant to present his witnesses.

### 3. Prosecutor's argument.

We have ruled that the comments by the prosecutor on closing argument were proper and that they were within the issues and the evidence.

### 4. The failure to pursue and attempt to serve a material witness.

The evidence shows that it was not the fault of the defense counsel that the witness could not be located.

### 5. Failure to cross-examine the narcotics officer about his prior conduct of offering marijuana to young girls.

The record shows that defense counsel did cross-examine the officer about his having used and supplied marijuana to others but the officer denied any such conduct.

In all the above five instances the defendant was not prejudiced. The defendant bears the burden of showing both the incompetence of his attorney and proof of prejudice. *State v. Ranne,* 80 N.M. 188, 453 P.2d 209 (Ct.App.1969).

On the issue of effective assistance of counsel, New Mexico courts have followed the sham and mockery test. Our appellate court since, *State v. Moser,* 78 N.M. 212, 430 P.2d 106 (1967), has defined the standard as follows: There is a denial of effective counsel only when the test considered as a whole was a mockery of justice, a sham or a farce. Our Supreme Court in *State v. Orona,* N.M., 638 P.2d 1077 rejected this standard and adopted the test for the sixth amendment right to effective assistance of counsel as recently announced by the Tenth Circuit Court of Appeals in *Dyer v. Crisp,* 613 F.2d 275, 278 (10th Cir.), *cert. denied,* 445 U.S. 945, 100 S.Ct. 1342, 63 L.Ed.2d 779 (1980): "The Sixth Amendment demands that defense counsel exercise the skill, judgment and diligence of a reasonably competent defense attorney."

The Supreme Court of New Mexico in adopting this new standard stated:

 * * * the *Dyer* Court noted that "even though courts in this circuit have articulated the 'sham and mockery' test, they have been in fact applying the more stringent 'reasonably competent' test, and that formal adoption of this standard represents a change in name." *Id.* A review of New Mexico case law leads us to a similar conclusion. Although this Court and the Court of Appeals of New Mexico have articulated the "sham and mockery"

test, there has been a trend toward interpreting the test as requiring a minimum standard of professional representation embodying the requirement that counsel conform to expected professional standards and exercise the customary skills and diligence of a reasonably competent attorney * * *. Accordingly, adoption of this new standard does not represent a departure from case law in this State but merely formalizes a trend found in assistance of counsel cases in this State over the last several years.

Based on all the facts of this case we conclude that the representation received by the defendant did not fall below the standard of reasonable competence set by our Supreme Court in the *Orona* case.

4. *Cumulative error.*

The defendant argues under this point, that even though no single error complained of is sufficient to warrant reversal, that all errors taken together are sufficient to require reversal under the doctrine of cumulative error. We recognize the doctrine of cumulative error in the State of New Mexico; however, it has no application if no errors are committed and if the defendant has received a fair trial. *State v. Seaton,* 86 N.M. 498, 525 P.2d 858 (1974); *State v. Carr,* 95 N.M. 755, 626 P.2d 292 (Ct.App.1981). We have been unable to find any basis in the record for reversible error on any of the points raised by the defendant. The defendant receive a fair trial and there is no basis for cumulative error. *State v. Vallejos, supra.*

The judgment and sentence of the trial court are affirmed.

IT IS SO ORDERED.

WALTERS, C. J., and NEAL, J., concur.