706 P.2d 510
**STATE of New Mexico, Petitioner,**

v.

**Gracie LEAL, Respondent.**

**No. 15597.**

Supreme Court of New Mexico.

Sept. 18, 1985.

Paul Bardacke, Atty. Gen., William Lazar, Asst. Atty. Gen., Santa Fe, for petitioner.

Janet Clow, Chief Public Defender, David Stafford, Asst. Appellate Defender, Santa Fe, for respondent.

## OPINION

RIORDAN, Justice.

Defendant Gracie Leal (Leal) appealed her conviction of child abuse resulting in death. The Court of Appeals summarily reversed. We granted certiorari and now reverse the Court of Appeals.

In her docketing statement filed in the Court of Appeals, Leal raised three issues:

A. Whether the trial court erred in refusing to grant Leal's motions for directed verdict.

B. Whether the evidence was sufficient to sustain a verdict of guilty.

C. Whether the trial court erred in refusing Leal's tendered instructions defining "negligently" and "permit" which related to Leal's theory of the case, and giving the jury correct [sic] definitions of those terms in the context of the evidence in the case.

Leal alleged that the evidence was insufficient to sustain a verdict of guilty of child abuse resulting in death for knowingly *permitting* the child to be cruelly punished by some other person. The Court of Appeals assigned the case to the summary calendar with a proposed summary reversal. The gist of the calendaring assignment was that the evidence was insufficient to sustain a guilty verdict of *permitting* child abuse resulting in death, although the information cited the applicable statute. *See e.g., State v. Crump,* 82 N.M. 487, 484 P.2d 329 (1971); *State v. Garcia,* 80 N.M. 247, 453 P.2d 767 (Ct.App.1969).

The state, in its memorandum in opposition to summary reversal, alleged that the docketing statement itself permits the inference that Leal was present when the child suffered the fatal abuse.

As pointed out by the state, on appeal all inferences are resolved in favor of the verdict. *State v. Lankford,* 92 N.M. 1, 582 P.2d 378 (1978). The issue is whether the evidence (circumstantial or direct) is sufficient to justify a rational trier of fact to find the defendant guilty beyond a reasonable doubt. *State v. Carter,* 93 N.M. 500, 601 P.2d 733 (Ct.App.), *cert. denied,* 93 N.M. 683, 604 P.2d 821 (1979).

With a case in this posture, it is easy for a reviewing court to be tempted to substitute its judgment for that of the trier of facts. However, this is inappropriate. *State v. Lankford.*

The Court of Appeals is reversed and the case remanded for reinstatement on the limited or general calendar, which is appro-

priate for reviewing a case where the sufficiency of the evidence is raised.

IT IS SO ORDERED.

FEDERICI, C.J., and SOSA, STOWERS and WALTERS, JJ., concur.