727 P.2d 944

**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**Jacquelyn DEAN a/k/a Jackie Shells,**
**Defendant-Appellant.**

**No. 9062.**

Court of Appeals of New Mexico.

Sept. 9, 1986.

Certiorari Denied (Dean)
Oct. 16, 1986.

Certiorari Denied (State)
Oct. 21, 1986.

Jacquelyn Robins, Chief Public Defender, Deborah A. Moll, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Paul G. Bardacke, Atty. Gen., Patricia Freider, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

MINZNER, Judge.

Defendant appeals her conviction for trafficking in cocaine in violation of NMSA 1978, Section 30–31–20 (Repl.Pamp.1980). She raises four issues on appeal: (1) wheth-

er defendant knowingly, intelligently and voluntarily waived her right to a jury trial; (2) whether defendant was afforded effective assistance of counsel; (3) whether that part of the court's sentence requiring defendant to pay restitution to the New Mexico State Police Contingency Fund for the price of cocaine purchased from her is statutorily authorized; and (4) whether defendant's conviction is supported by substantial evidence. We affirm defendant's conviction but vacate that portion of the sentence requiring restitution and remand for entry of an amended judgment.

## WAIVER OF RIGHT TO JURY TRIAL

A jury trial was scheduled in this case for November 6, 1985. Because defendant did not appear when the case was called, the jury panel was excused. The court then announced it was forfeiting defendant's bond, issuing a bench warrant for her arrest, and ordering defendant held on $20,000 bail in the event of her apprehension.

After the jury had been excused defendant arrived in court, explaining that she was late because of car trouble. The court informed defendant that there was no way of proceeding with a jury trial that day and that she was under arrest. The court then announced that the trial was rescheduled for December 16, the next available time. When defense counsel objected to the rescheduling because an out-of-state defense witness then present might not be able to return at a later date, the prosecutor agreed to preserve the witness' testimony by taking a deposition.

Following an apparent recess and consultation with her attorney, defendant filed a written waiver of trial by jury form. In response to the court's questions, she also acknowledged that she had "gone over" the matter with counsel, that she was not acting under coercion or solely because she was late for court, and expressed her desire to proceed to trial at that time without a jury. Defendant now argues that her waiver of a jury trial was not effective. We disagree.

■ The right to trial by jury may be waived. *State v. Shroyer*, 49 N.M. 196, 160 P.2d 444 (1945); *State v. Hernandez*, 46 N.M. 134, 123 P.2d 387 (1942). Before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant. *Shroyer*; NMSA, Crim.P.R. 38(a) (Repl.1985). There is no dispute that defendant's waiver was concurred in by the state and approved by the court. The state concedes, and we agree, that defendant's consent must also be voluntary.

■ It is difficult to see how the court and the prosecutor could have been more accommodating to defendant. The only available choices when the issue arose were to reschedule a jury trial for the next available date and preserve the witness' testimony in case she was unable to return, or to proceed with a bench trial. It was defendant who suggested the latter alternative by filing the written waiver.

Defendant argues that she was under duress to waive a jury trial because the court had set bail she would not be able to meet and she would, therefore, be incarcerated prior to trial. This is not a unique situation. Many defendants who cannot post bond are faced with the choice of an early bench trial or later jury trial. Were we to accept defendant's argument, no waiver of a jury trial would ever be valid in this situation.

Neither the court nor the prosecutor promised, explicitly or implicitly, that defendant would be treated more leniently if she waived a jury. Viewing the totality of the circumstances, *see State v. Aguirre*, 91 N.M. 672, 579 P.2d 798 (Ct.App.1978), we hold that the record does not provide a factual predicate for defendant's argument.

■ Defendant has suggested that we should require a particular inquiry by the trial court before a waiver of jury trial is accepted. *See Commonwealth v. Williams*, 454 Pa. 368, 312 A.2d 597 (1973). Our criminal rules of procedure contain no

**8**

such requirement, *see* Crim.P.Rule 38(a), and we are persuaded that, in this case, the trial court's questions and the written waiver provide sufficient evidence of an effective waiver.

## EFFECTIVE ASSISTANCE OF COUNSEL

An accused is entitled to effective representation of counsel. *State v. Robinson*, 99 N.M. 674, 662 P.2d 1341 (1983); U.S. Const. amend. VI; N.M. Const. art. II, § 14. The test for determining whether an accused has been afforded effective assistance of counsel is whether defense counsel exercised the skill, judgment and diligence of a reasonably competent defense attorney. *State v. Orona*, 97 N.M. 232, 638 P.2d 1077 (1982); *State v. McGuinty*, 97 N.M. 360, 639 P.2d 1214 (Ct.App.1982). Defendant bears the burden of showing both the incompetence of his attorney and proof of prejudice. *State v. Talley*, 103 N.M. 33, 702 P.2d 353 (Ct.App.1985); *McGuinty*. Further, absent a showing by defendant, counsel is presumed competent. *Talley*. In considering a claim of ineffective assistance, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This court will not attempt to second-guess the tactics and strategy of trial counsel on appeal. *See State v. Helker*, 88 N.M. 650, 545 P.2d 1028 (Ct.App.1975).

The state's case was based on testimony by a Lovington police officer. Defense counsel's cross-examination centered on the officer's ability to identify defendant. On appeal, defendant complains that counsel's attempt to undermine the officer's identification allowed the state to offer rebuttal testimony which showed defendant was in Hobbs on the evening of the alleged crime, not out-of-state as she claimed. By claiming an alibi defense, defendant had put her identity in issue. Counsel's attempt to undermine the identification was the only reasonable tactic available. The evidence was properly introduced to show that the officer was not mistaken as to identity. NMSA 1978, Evid.R. 404(b) (Repl.Pamp.1983). Further, a trial court is presumed to disregard the introduction of inadmissible evidence. *See Matter of Doe*, 89 N.M. 700, 556 P.2d 1176 (Ct.App.1976).

Defendant also argues that trial counsel should have advocated her motion for a new trial and challenged her waiver of a jury trial on constitutional grounds. Defendant knowingly, intelligently and voluntarily waived her right to a trial by jury. No matter how vigorously counsel might have argued, she was not entitled to a new trial. Consequently, defendant failed to prove prejudice. In the absence of prejudice, defendant's argument has no merit. *Strickland v. Washington.*

## RESTITUTION

The court sentenced defendant to nine years imprisonment, suspended all except three years, followed by two years parole. The court also ordered that as a term of her parole, defendant make restitution to the New Mexico State Police Contingency Fund in the amount of $130.00 (the amount an undercover police officer spent to purchase cocaine from defendant). No period of probation was imposed.

The district court was required to include parole of two years in defendant's sentence. NMSA 1978, § 31–18–15(C) (Repl.Pamp.1981); NMSA 1978, § 31–21–10(C) (Cum.Supp.1986); *State v. Acuna*, 103 N.M. 279, 705 P.2d 685 (Ct.App.1985). Since part of defendant's sentence was suspended, the court had the option of also imposing a period of probation. NMSA 1978, §§ 31–20–5(A) and –6(D) (Cum.Supp. 1986). Probation is not automatic; upon suspending a sentence, the sentencing judge has authority to withhold imposition of probation. *See State v. Soria*, 82 N.M. 509, 484 P.2d 351 (Ct.App.1971). That is what the court chose to do in this case.

Where parole and probation are both included in a sentence, conditions of probation imposed by the court are deemed

as additional conditions of parole. NMSA 1978, § 31–20–5(B)(1) (Cum.Supp.1986). Otherwise, terms of parole are set by the parole board. NMSA 1978, § 31–21–10(D) (Cum.Supp.1986); *see* NMSA 1978, § 31–21–5(B) (Repl.Pamp.1981); *State v. Hovey,* 87 N.M. 398, 534 P.2d 777 (Ct.App.1975). Nevertheless, if the court has ordered a defendant to make restitution to a victim under NMSA 1978, Section 31–17–1 (Repl. Pamp.1981), the parole board must include restitution as a condition of parole. § 31–21–10(D).

This court has held that ordering payment to the New Mexico State Police Contingency Fund is a valid condition of probation under NMSA 1978, Section 31–20–6(F) (Cum.Supp.1986). *State v. Taylor,* 104 N.M. 88, 717 P.2d 64 (Ct.App.1986). In this case, however, no probation was imposed. Thus, the court's only authority to order a condition of parole was its power to order restitution to a victim under Section 31–17–1. § 31–21–10(D).

The purpose of Section 31–17–1 is to make whole the victims of crime to the extent possible. *State v. Lack,* 98 N.M. 500, 650 P.2d 22 (Ct.App.1982). The statute defines a victim as "any person who has suffered actual damages as a result of the defendant's criminal activities[.]" § 31–17–1(A)(1). Actual damages are defined as "damages which a victim could recover against the defendant in a civil action arising out of the same facts or event...." § 31–17–1(A)(2). Under the statute, the state is not a victim, and compensating the state does not further the purpose of victim restitution. *See State v. Hernandez,* 104 N.M. 97, 101, 717 P.2d 73, 77 (Ct.App.1986) (Bivins, J., dissenting). We conclude that the payment ordered by the court is not authorized by Section 31–17–1.

Since the court did not order the payment as a condition of probation pursuant to *Taylor,* and since it is not authorized by Section 31–17–1, the order that defendant reimburse the New Mexico State Police Contingency Fund is void. *See Sneed v. Cox,* 74 N.M. 659, 397 P.2d 308 (1964). The

unauthorized portion is separable, however, and the judgment may be amended on remand. *Id.*

## SUFFICIENCY OF THE EVIDENCE

In determining whether the state has met its burden of proving guilt beyond a reasonable doubt, *see State v. Davis,* 97 N.M. 130, 637 P.2d 561 (1981), this court must view the evidence in the light most favorable to the state, resolving all conflicts therein and indulging all permissible inferences therefrom in favor of the verdict. *State v. Lankford,* 92 N.M. 1, 582 P.2d 378 (1978). This court does not weigh the evidence and may not substitute its judgment for that of the fact finder, *id.,* so long as there is sufficient evidence to support the verdict. *State v. Robinson,* 94 N.M. 693, 616 P.2d 406 (1980); *State v. Carter,* 93 N.M. 500, 601 P.2d 733 (Ct.App. 1979). It is for the fact finder to determine the credibility of the witnesses and the weight to be given to their testimony. *See State v. Vigil,* 87 N.M. 345, 533 P.2d 578 (1975). The fact finder may reject defendant's version of the incident. *Id.*

Viewing the evidence as mandated by *Lankford,* it is clear that there is sufficient evidence to support the court's guilty verdict. The trial court rejected defendant's version of the facts. It was within its province in so doing. *Vigil.* Defendant's conviction is supported by substantial evidence, and must be affirmed by this court. *Robinson; Lankford; Carter.*

## CONCLUSION

The case is remanded with instructions to vacate that portion of the sentence ordering payment of $130.00 to the New Mexico State Police Contingency Fund as a condition of parole and to enter an amended judgment. In all other respects the trial court is affirmed.

IT IS SO ORDERED.

ALARID, J., concurs.

BIVINS, J., specially concurs.

**10**

BIVINS, Judge (specially concurring).

I concur in the discussion of the issues dealing with waiver of the right to a jury trial, effective assistance of counsel and sufficiency of the evidence. I also concur with that portion of the discussion on restitution which concludes that NMSA 1978, Section 31–17–1 (Repl.Pamp.1981), being the victim restitution statute, does not authorize restitution to the state for the amount paid to defendant in the drug transaction. See my dissenting opinion in *State v. Hernandez*, 104 N.M. 97, 101, 717 P.2d 73, 77 (Ct.App.1986).

The majority goes one step further and distinguishes *State v. Taylor*, 104 N.M. 88, 717 P.2d 64 (Ct.App.1986), on the basis that since the present case does not involve payment of restitution as a condition of probation, *Taylor* is not controlling. Since I do not agree with *Taylor*, see my dissenting opinion in *Hernandez*, I see no need to make such a distinction. I, of course, agree with the result reached and file this separate opinion only to preserve my continuing objection to the rationale of *Taylor*.