The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Gerald **PALMER**, Defendant–Appellant.

No. 92CA1835.

Colorado Court of Appeals, Div. I.

Dec. 15, 1994.

Rehearing Denied May 4, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Susan J. Schneider, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Holloway & Associates, James D. Grady, Steamboat Springs, for defendant-appellant.

Opinion by Judge CRISWELL.

In this combined appeal, defendant, Gerald Palmer, appeals the order denying his Crim.P. 35(c) motion to vacate his pleas of guilty to aggravated robbery and crime of violence, as well as the 20–year sentence imposed upon him. We affirm.

Following the providency hearing and imposition of the sentence, defendant filed a Crim.P. 35(c) motion to vacate his guilty pleas, alleging that they were not knowingly and voluntarily entered and that his pleas were the result of the ineffective assistance rendered by his counsel. After a hearing, the district court rejected defendant's allegations and denied the motion. This appeal followed.

## I.

Aggravated robbery, defined in § 18–4–302, C.R.S. (1986 Repl.Vol. 8B), is a class three felony, carrying a penalty in the presumptive range of four to sixteen years imprisonment, which can be enhanced if certain aggravating circumstances are present. Section 18–1–105(9)(a) C.R.S. (1994 Cum.Supp.). Crime of violence, delineated in § 16–11–309, C.R.S. (1986 Repl.Vol. 8A), is a distinct, additional sentence-enhancing provision. Defendant claims that, because no aggravating circumstances were present in his case at the time he entered his pleas, he believed that no sentence-enhancing provisions of any sort would apply and that such misapprehension vitiates the validity of his guilty plea. We perceive no error.

At the providency hearing, defendant signed an acknowledgement of rights form. This form stated that the presumptive sentencing range for aggravated robbery was four to sixteen years. It also stated that, because defendant was pleading guilty to the crime of violence charge, the sentence imposed must be between mid-point and twice the maximum term of the presumptive range, i.e., ten to thirty-two years. During the plea colloquy, the court confirmed defendant's understanding on this point.

Defendant contends that, despite the foregoing, he did not realize that he could be sentenced to 20 years. At the Crim.P. 35(c) hearing, he testified that his attorney did not explain that the crime of violence charge would increase his potential sentence. However, his attorney testified that they had, in fact, discussed this subject, and this testimony was supported by counsel's contemporaneous handwritten interview notes. The trial

court found the attorney's testimony on this issue to be credible and defendant's not to be.

The record fully supports the trial court's finding that defendant's plea was knowingly and voluntarily entered, and we will not disturb it on appeal. *Kailey v. State Department of Corrections,* 807 P.2d 563 (Colo. 1991).

## II.

■ In order to obtain relief based on a claim of ineffective assistance of counsel, a defendant must affirmatively prove *both* that his counsel's performance fell below the standard of professional reasonableness *and* that such performance prejudiced him—*i.e.,* that there is a reasonable probability that, but for such deficient performance, the outcome at trial would have been different. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Davis v. People,* 871 P.2d 769 (Colo.1994). If a defendant fails to prove such prejudice, the court need not consider whether counsel's performance was deficient. *Strickland v. Washington, supra.*

Here, the only prejudice that defendant alleges is that his pleas were not knowingly entered. Because we have concluded that his pleas were knowingly entered, we need not consider counsel's performance. *See People v. Waits,* 695 P.2d 1176 (Colo.App. 1984), *aff'd in part,* 724 P.2d 1329 (Colo. 1986).

## III.

Defendant next contends that, during his sentencing hearing, the trial court improperly considered illegally obtained evidence. We disagree.

After their arrest, defendant and his accomplice were taken to the police station for questioning. There, defendant was advised of and invoked his *Miranda* rights. He and his accomplice were then placed in the back of a police car for transportation to the local jail. For several minutes while they were alone in the police car, their conversation was recorded by a concealed tape recorder.

Defendant filed a motion in limine seeking to exclude this tape from consideration at his sentencing hearing on the ground that it was obtained in violation of Colorado law and of defendant's constitutional rights. The court ruled that the tape could properly be considered by it.

### A.

Defendant first contends that the recording was obtained in violation of the Colorado law on eavesdropping and that obtaining it under the circumstances constituted a warrantless search in violation of the Fourth Amendment. We disagree.

The practice of eavesdropping by law enforcement officers in Colorado is governed by §§ 16–15–101 through 16–15–104, C.R.S. (1986 Repl.Vol. 8A). These statutes provide that, if an "oral communication" is intercepted without a warrant authorizing such interception, a party to that communication may move to have its contents suppressed in any judicial proceeding. Section 16–15–102(10), C.R.S. (1986 Repl.Vol. 8A). An "oral communication" is defined as one "uttered by any person believing that such communication is not subject to interception, under circumstances justifying that belief." Section 16–15–101(8), C.R.S. (1994 Cum.Supp.); *see generally People v. Blehm,* 44 Colo.App. 472, 623 P.2d 411 (1980).

■ Similarly, whether warrantless police eavesdropping violates the Fourth Amendment also depends on whether the defendant had a justified expectation of privacy at the time and place of the communication. *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); *see also* Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510–21 (1988) (codifying Fourth Amendment restrictions on eavesdropping and wiretapping).

At the suppression hearing, defendant argued that the recording of his conversation was obtained in violation of these statutes. The People countered that the statutes did not apply because defendant had no justifiable expectation of privacy while in the back of the police car. After a hearing, the trial court determined that, while defendant ex-

hibited a subjective expectation of privacy, such expectation was not objectively justified. We agree.

■ We will not disturb a trial court's ruling on a motion to suppress evidence if such ruling is based on a proper application of the law to factual findings which the record adequately supports. *People v. Hart,* 787 P.2d 186 (Colo.App.1989).

The trial court's conclusion that there was no justifiable expectation of privacy in such circumstances is the same as has been reached by numerous other courts that have addressed similar situations. *See United States v. Clark,* 22 F.3d 799 (8th Cir.1994); *United States v. McKinnon,* 985 F.2d 525 (11th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 130, 126 L.Ed.2d 94 (1993); *State v. Crowson,* 33 Cal.3d 623, 190 Cal.Rptr. 165, 660 P.2d 389 (1983); *Brown v. State,* 349 So.2d 1196 (Fla.App.1977); *State v. Hussey,* 469 So.2d 346 (La.App.1985); *People v. Marland,* 135 Mich.App. 297, 355 N.W.2d 378 (1984); *State v. Lucero,* 96 N.M. 126, 628 P.2d 696 (N.M.App.1981); *K.F. v. State,* 797 P.2d 1006 (Okla.Crim.App.1990).

■ We approve this conclusion and hold that, under the circumstances here, irrespective of defendant's subjective belief that his conversation while in the police vehicle was private, such belief was unreasonable and unjustified.

### B.

Defendant contends that this recording of his conversation also violated his Fifth Amendment right against self-incrimination. We disagree.

■ After receiving a *Miranda* advisement and speaking briefly with the police, defendant invoked his right to remain silent and requested an attorney. Defendant contends that the later tape recording violated the *Miranda* restrictions.

These restrictions, however, deal only with "custodial interrogation"—i.e., "questioning initiated by law enforcement officers." *Miranda v. Arizona,* 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694, 706 (1966).

Clearly the questioning here was not literally "initiated" by the police.

Nonetheless, citing *Rhode Island v. Innis,* 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980), defendant argues that the police actions here were equivalent to interrogation in that they were "reasonably likely to elicit an incriminating response."

However, "officers do not interrogate a suspect simply by hoping that he will incriminate himself." *Arizona v. Mauro,* 481 U.S. 520, 529, 107 S.Ct. 1931, 1936, 95 L.Ed.2d 458, 468 (1987) (recording visiting room conversation between defendant in custody and his wife not interrogation). Likewise, using an undisclosed jail informant to elicit incriminating information is not interrogation under *Miranda. Illinois v. Perkins,* 496 U.S. 292, 110 S.Ct. 2394, 110 L.Ed.2d 243 (1990).

We conclude that this same analysis applies here. Defendant was not responding to any sort of police coercion; rather, he was consulting with his accomplice. The police conduct here was not designed to motivate defendant to make incriminating statements, but merely to capitalize on any that were volunteered. We hold that this did not constitute "interrogation" within the meaning of *Miranda* and its progeny.

### C.

■ Lastly, defendant contends that the recording of his conversation under the circumstances here violated his Sixth Amendment right to counsel and that a broader definition of "interrogation" should apply when this right is in issue. However, the right to counsel under the Sixth Amendment does not attach until "the initiation of adversary judicial criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *Kirby v. Illinois,* 406 U.S. 682, 689, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411, 417 (1972). Here, for purposes of his Sixth Amendment right to counsel, it is sufficient to note that defendant had not yet been charged at the time of the recording.

## IV.

Defendant also appeals his sentence, contending that it was based on improper considerations and excessive in view of his lack of criminal history and that the trial court made insufficient findings to support it. We disagree.

■ We note that defendant's 20–year sentence falls within the lower half of the applicable presumptive range of ten to 32 years. We also note that, in explaining the basis for its sentencing decision, the trial court made extensive findings and referred to a number of factors influencing its decision.

Defendant's lack of prior felony convictions was only one of several factors that was weighed in the sentencing process, and that factor is not in itself decisive. *Rocha v. People,* 713 P.2d 350 (Colo.1986).

The trial court noted that violent crimes such as this one have a greater public impact in small rural communities than in larger urban ones. Defendant contends that this was not an appropriate factor to consider during sentencing. However, a sentencing court should always consider the interests of the public involved. *See Rocha v. People, supra.* And, we are satisfied that, considering all of the factors relied upon by the trial court in imposing sentence, this factor was not decisive of the court's decision.

An appellate court accords deference to the trial court's sentencing decision. *People v. Blizzard,* 852 P.2d 418 (Colo.1993). This court will uphold a sentence which is within the presumptive range required by law for the offense and is based upon appropriate considerations. *People v. Fuller,* 791 P.2d 702 (Colo.1990). Such is the case here.

The order denying defendant's motion to vacate his guilty pleas and the sentence imposed upon him are affirmed.

METZGER and KAPELKE, JJ., concur.