808 P.2d 69

**STATE of New Mexico,**
**Plaintiff–Appellee,**

v.

**Charles Robert MOORE,**
**Defendant–Appellant.**

**No. 12600.**

Court of Appeals of New Mexico.

Feb. 19, 1991.

Certiorari Denied March 26, 1991.

Tom Udall, Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Sumita Mukhoty, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

OPINION

MINZNER, Judge.

This case is before our court for the second time. We previously determined in *State v. Moore*, 109 N.M. 119, 782 P.2d 91 (Ct.App.1989), that defendant was entitled to a hearing, pursuant to *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), in order to determine whether the state had improperly used a peremptory challenge to strike the only black member of the jury venire. The case was remanded to the district court so that a hearing could be held to determine whether the state properly exercised its peremptory challenge. *State v. Moore.* On remand, the district court held a hearing at which Detective Tony Knott, the local law enforcement officer involved in defendant's case, and the juror stricken from the venire testified.

The district court found that the state had asked the jury panel at large if any of them had relatives with felony convictions and if any of them knew Detective Knott. The district court further found that the juror failed to respond to either of these questions and that the state used a peremptory strike to excuse the juror "[b]ased on [the juror's] family members with criminal records and on the possibility that she might know one of the State's witnesses." The court concluded that although defendant had established a prima facie case that justified the inference that the strike was used for a discriminatory purpose, the

state had provided clear, specific, and racially neutral reasons for exercising the strike. The district court ultimately concluded that the state properly exercised its peremptory challenge.[1]

Defendant appealed the district court's decision. We assigned the case to the summary calendar and proposed summary affirmance on the ground that the state had shown a racially neutral purpose for exercising its peremptory challenge. Defendant has filed a timely memorandum in opposition to the second calendar notice.

In his memorandum, defendant argues that the district court erred in concluding that the state properly exercised its peremptory challenge, because the prosecutor treated the juror he excluded differently than he treated the white jury panel members. We disagree.

Detective Knott testified at the hearing on remand that he met with the prosecutor, Michael Cox, to review the list of potential jurors for defendant's trial. Mr. Cox did not ask Detective Knott the race of the potential jurors, nor did he ask the detective to investigate the jurors. Rather, Detective Knott testified that he recognized the juror's name when reviewing the list. Detective Knott testified that he had arrested her brothers and knew that one of her brothers was in prison. He also testified that he did not know any other juror on the list with a similar background.

The juror testified on remand that she had three brothers and one sister and that one brother was incarcerated at the penitentiary. She also testified that she had three relatives with felony records at the time of the voir dire for defendant's trial. When asked why she had not responded at voir dire when the prosecutor inquired about family members with felony records or associations with police officers, she testified that she did not understand the question and that she found it difficult to discuss her relatives in a large group of people. However, she also testified that she should have answered the question affirm-

atively. Finally, she testified that she knew the officers involved in the case but that they had never done anything to her personally and that she was not biased against them.

When a defendant has made a prima facie case tending to show that the state's peremptory challenges were exercised in a discriminatory manner, the burden then shifts to the state to show that the challenges were exercised for racially neutral reasons. *State v. Goode*, 107 N.M. 298, 756 P.2d 578 (Ct.App.1988). A trial court's determination of whether the state has properly provided racially neutral reasons will be upheld on appeal if the determination is supported by substantial evidence. *Id.* We view the evidence in the light most favorable to support the trial court's decision. *See State v. Lankford*, 92 N.M. 1, 582 P.2d 378 (1978).

The state's explanations need not rise to the level justifying removal of a juror for cause; however, the reasons must be clear, reasonably specific, and related to the issues to be tried. *State v. Goode.* It is sufficient to provide an explanation that the trial court can determine is a bona fide reason relating to legitimate criteria in selecting a jury on behalf of the state. *See State v. Sanders*, 95 N.C.App. 494, 383 S.E.2d 409 (1989); *accord People v. Barber*, 200 Cal.App.3d 378, 245 Cal.Rptr. 895 (1988); *People v. Chambie*, 189 Cal.App.3d 149, 234 Cal.Rptr. 308 (1987).

Here, the district court implicitly found that the juror in question had failed to respond accurately to the prosecutor's questions. There was evidence to support that finding. Defendant does not contend that the questions were unrelated to the issues in the case or that inaccurate responses were irrelevant to the prosecutor's decisions in selecting a jury. We recognize that no one responded to the questions, but we note that there was no evidence presented at the hearing that the prosecutor had reason to believe any other person had answered inaccurately. For this rea-

---

**1.** We commend the district court for the care taken in preparing its decision. Its findings of fact and conclusions of law clearly state the path taken by the district court in reaching its decision. Such care facilitates appellate review and conserves judicial resources.

son, we cannot agree with defendant that the prosecutor's "failure to question [the juror's] silence indicates a racially non-neutral motive for striking her from the panel."

In the present case, the showing was sufficient to permit the district court to conclude that the inference had been rebutted. The prosecutor was entitled to be concerned about the juror's lack of candor. Although she might have failed to respond out of shyness or fear of embarrassment, she might also have failed to respond because of resentment or distrust. The district court was entitled to find that the prosecutor's explanation related to legitimate criteria in selecting jurors acceptable to the state. The cases on which defendant relies are distinguishable. In both *Gamble v. State*, 257 Ga. 325, 357 S.E.2d 792 (1987) and *People v. Turner*, 42 Cal.3d 711, 726 P.2d 102, 230 Cal.Rptr. 656 (1986), the prosecutor explained the peremptory challenge exercised against black jurors on grounds that were equally applicable to white jurors who were accepted for service or on grounds that provided no reasonable basis for identifying potential bias. Under these circumstances, the inference of discriminatory use of peremptory challenges was reinforced, rather than rebutted.

In *Sanders*, on the other hand, the prosecutor had used peremptory challenges against three black members of the venire. The court found that, while the defendant had raised a prima facie case of discrimination regarding each of these challenges, the prosecutor had offered a racially neutral reason for each one. *Id.*, 95 N.C.App. at 501, 383 S.E.2d at 414. The prosecutor said he challenged one of the black members of the venire because he "had held three jobs in the preceding ten months." *Id.* The court found this reasonably related to the juror's stability and maturity. *Id.* Another juror was challenged because of her "headstrong and overbearing personality." *Id.* The third challenge was made because the venire member "claimed to have never participated in court proceedings," but, according to the prosecutor, she "had an extensive criminal record." *Id.* The court found that "each of the reasons, on its face, rebuts the *prima facie* case." *Id.* The court then expressly distinguished *Gamble* and *Turner*.

We conclude that the district court could reasonably find that the state met its burden in showing that its reason for using a peremptory challenge to challenge the juror was racially neutral. Therefore, defendant's conviction is affirmed. *See State v. Moore.*

IT IS SO ORDERED.

BIVINS and HARTZ, JJ., concur.